CLARENCE E. AND ALICE KOESTER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53216. Filed December 22, 1954.

*George J. Rabil, Esq.,* for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined deficiencies in income tax as follows:

| | |
|---|---|
| 1950 | $105 |
| 1951 | 123 |
| 1952 | 133 |

The only issue is whether the Commissioner erred in disallowing for each year a dependent exemption for John E. Smith. The facts have been presented by a stipulation which is adopted as the findings of fact.

The petitioners filed their joint income tax returns for the taxable years with the collector of internal revenue for the twenty-third district of Pennsylvania.

Alice Koester was raised and supported, from the age of 3 until her marriage at the age of 25, by John E. Smith, the husband of the sister of one of Alice's parents. Smith never formally adopted either of the petitioners. He is now 70 years of age and lives with the petitioners who provide him with room, meals, and laundry service. He received social security benefits of $510 during each of the taxable years and earned a total of $111.41 from temporary employment in 1951. He had no other income during the taxable years. The petitioners furnished more than one-half of his support during each of the taxable years.

The petitioners on their joint return for each of the taxable years claimed an exemption based upon the theory that John E. Smith was a dependent within the meaning of section 25 (b).

The Commissioner, in determining the deficiencies, disallowed the exemption for each year with the explanation that he did not qualify as a dependent under section 25 (b) (3), adding "(No blood relationship)." The closest relationship with Smith that either of these petitioners could claim is that he had married Alice's aunt. An uncle by marriage is not within the definition of a dependent as set forth in section 25 (b) (3) applicable to all years involved herein.

*Decision will be entered for the respondent.*